UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| New York Life Insurance Co.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Alicia Franco, et al.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-02366-GMN-BNW<br><br>**ORDER** |

　　　This is an interpleader action by New York Life Insurance Company to resolve competing claims to a death benefit. *See* ECF No. 1. The decedent in this case, Javier Franco, designated Alicia Franco, his then-spouse, as the primary beneficiary of his life insurance policy with New York Life Insurance. *Id.* at 2. Mr. Franco named his minor niece, C.B., as the contingent beneficiary. *Id.* The Francos divorced in May of 2022, and in December of 2023, Mr. Franco passed away. *Id.*

　　　Some months later, Ms. Franco, through counsel, requested payment of the death benefit. *Id.* at 3. New York Life Insurance requested additional documentation from Ms. Franco due to the divorce. *Id.* New York Life Insurance further notified Donna Benitez, C.B.'s mother, of her daughter's potential claim to the death benefit. *Id.* However, New York Life Insurance noted that even if the death benefit is payable to C.B., Ms. Franco may be entitled to reimbursement for paid premiums during her marriage to Mr. Franco. *Id.* at 4.

　　　In its complaint, New York Life Insurance noted that Ms. Benitez had not been appointed guardian ad litem of C.B.'s property. *Id.* New York Life Insurance further stated its intent to file a motion to appoint a guardian ad litem for C.B, which is presently before the Court (ECF No. 6). *Id.* at 4. In the motion, New York Life Insurance does not specifically request that Ms. Benitez be appointed as C.B.'s guardian. However, for the reasons discussed below, the Court grants the motion (ECF No. 6) and appoints Ms. Benitez as guardian ad litem for C.B.

/ /

## I. DISCUSSION

Federal Rule of Civil Procedure 17 governs the appointment of a guardian ad litem. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("It is well settled that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c)."). Under Rule 17(c), "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* "A guardian ad litem is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, file suit and to prosecute, control and direct the litigation." *Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955). However, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

Here, as discussed above, C.B. may have a claim to Mr. Franco's death benefit because Ms. Franco may have been revoked as primary beneficiary of the policy after her divorce. *See* ECF No. 1 at 4. Ms. Franco has already requested payment of the death benefit from New York Life Insurance. *Id.* at 3. C.B. is unrepresented and therefore has not challenged Ms. Franco's claim nor taken another action. Because C.B.'s interests are currently unprotected given her lack of a guardian or counsel, the Court grants the motion to appoint her a guardian ad litem.

## CONCLUSION

**IT IS THEREFORE ORDERED** that New York Life Insurance's motion to appoint guardian ad litem (ECF No. 6) is GRANTED.

**IT IS FURTHER ORDERED** that Donna Benitez is appointed as C.B.'s guardian ad litem. *If* Ms. Benitez wishes to obtain counsel for C.B., she must do so within 60 days of this Order.

DATED this 2nd day of January 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE